UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

GIOCONDA LAW GROUP PLLC,
  a New York Professional Limited Liability
Company,

        Plaintiff,

v.

ARTHUR WESLEY KENZIE,
  an individual,

        Defendant.

Civil Action No. _____

*[Filing stamp: JUN 22 2012, U.S.D.C. S.D.N.Y. CASHIERS]*

## COMPLAINT FOR
## FEDERAL CYBERSQUATTING, TRADEMARK INFRINGEMENT,
## UNLAWFUL INTERCEPTION
## AND DISCLOSURE OF ELECTRONIC COMMUNICATIONS,
## AND RELATED NEW YORK LAW CLAIMS

On its own behalf, the PLAINTIFF GIOCONDA LAW GROUP PLLC (hereinafter, "Gioconda Law Group" or "the Plaintiff"), for its Complaint against DEFENDANT ARTHUR WESLEY KENZIE, an individual (hereinafter, "the Defendant"), alleges upon information and belief as follows, except as to allegations concerning the Plaintiff, which are made upon personal knowledge:

1.     This case presents the Court with an identifiable Internet domain name cybersquatter and hacker who has intentionally intercepted e-mail traffic intended for the Plaintiff, a New York law firm which focuses on anti-counterfeiting and brand protection litigation.

2.  Domain name typosquatting is a well-known form of cybersquatting that is usually used to capture web traffic when an Internet user accidentally misspells a legitimate domain name in his web browser.

3.  In this case, the Defendant registered the Internet Domain Name GIOCONDOLAW.COM ("the Infringing Domain Name") to intentionally mimic the Plaintiff's domain name GIOCONDALAW.COM.

4.  Upon discovering the Defendant's conduct, the Plaintiff utilized RPost® Registered E-mail® to send e-mails to the addresses: INFO@GIOCONDOLAW.COM and JOSEPH.GIOCONDA@GIOCONDOLAW.COM.

5.  Both e-mail messages appear to have been received by active mailboxes created by the Defendant and capable of receiving such misdirected messages. *See* Exhibit 2.

6.  On information and belief, the Defendant engaged in an unlawful course of conduct to intentionally intercept electronic communications that were intended for the Plaintiff by utilizing electronic devices, including computers connected to the Internet.

7.  The Defendant is a sophisticated computer programmer with multiple advanced degrees in computer programming, operating in Vancouver British Columbia, Canada, calling himself a "Cyber Security and Mobile App Developer." *See* Exhibit 1.

8.  When the Defendant registered the Infringing Domain Name, he deliberately concealed his identity by using the services of third party Domains By Proxy LLC.

9.  The Defendant intentionally redirected the Infringing Domain Name to the legitimate Gioconda Law Group PLLC Website, to further avoid detection.

10. On information and belief, the Defendant intentionally used the misspelled Infringing Domain Name to unlawfully intercept e-mails including attorney-client privileged information, trade secrets, user names and passwords, and other valuable information.

11. Until the Plaintiff discovered this conduct and complained to third parties Domains By Proxy LLC, and Internet Registrar GoDaddy.com, Inc., the Infringing Domain Name continued to operate in this surreptitious manner.

12. When confronted with the Plaintiff's Complaint about his conduct, the Defendant claimed that he was merely conducting unauthorized "research" into "Black Hole" e-mail vulnerabilities and offered to share his findings. *See* Exhibit 3.

13. On information and belief, the Defendant has engaged in this unlawful course of conduct in bad faith, and has already been adjudicated as a bad faith cybersquatter in a virtually identical case.

14. The Defendant was recently the subject of a Uniform Domain Name Resolution Policy ("UDRP") proceeding in a Complaint brought by Complainant Lockheed Martin, for the Defendant's similar registration of the confusingly similar Internet domain names LockheedMarton.com and LockheedMartun.com.

15. After considering the Defendant's claim that he was merely conducting unauthorized "research" into "Black Hole" email vulnerabilities, the UDRP Panel found that the evidence clearly demonstrated that the Defendant's purported "research" was a sham conducted in bad faith to pursue financial gain from cybersquatting (*see* attached Exhibit 4):

> The Panel finds it difficult to identify a legitimate use of the disputed domain names, as it is obvious that the Respondent intentionally created the possibility to receive the so-called "Black Hole" correspondence of the Complainant . . . All these elements taken together cannot validate, in the opinion of this Panel, a bona fide offering of service by the Respondent or a legitimate noncommercial use of the Complainant's trademark.
>
> It is obvious that it was the Respondent itself that created the alleged vulnerability of Complainant's trademark, and his purpose was to offer services to the Complainant, looking for a financial gain.

16. Further, on information and belief, the Defendant has also registered numerous Internet domain names designed in bad faith to unlawfully intercept private electronic communications intended for third parties by mimicking their identities without their knowledge or consent, in order to pursue unlawful financial gain. For example, the Defendant has registered the following Internet Domain Names (*see* Exhibits 5a to 5h):

   a. rnastercard.com (to mimic mastercard.com);

   b. rncdonalds.com (to mimic mcdonalds.com);

   c. nevvscorp.com (to mimic newscorp.com);

   d. rncafee.com (to mimic mcafee.com);

   e. rnacvvorld.com (to mimic macworld.com);

   f. rnonster.com (to mimic monster.com);

   g. pcvvorld.com (to mimic pcworld.com); and

   h. qvvest.com (to mimic qwest.com).

17. On information and belief, the Defendant has directed that each of these Internet domain names redirect to the legitimate third parties' website, to avoid detection.

4

18. On information and belief, the Defendant has been intercepting private e-mails intended for these third parties, without their knowledge or consent, with the ruse of engaging in e-mail vulnerability "research."

19. On information and belief, the Defendant has engaged in this unlawful course of conduct over a substantial period of time, despite numerous public complaints about his behavior. *See* Exhibit 7.

20. Therefore, this is an action against the Defendant for federal cybersquatting, trademark infringement, false designation of origin and unlawful interception and disclosure of electronic communications, brought pursuant to Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114, 1125; and 18 U.S.C. § 2511, and for related New York State law claims.

## JURISDICTION AND VENUE

21. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) for the claims arising out of the violations of Sections 32 and Section 43 of the Lanham Act; under 18 U.S.C. § 2510 et seq. for the claims of unlawful interception and disclosure of electronic communications, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claims arising out of the violation of Sections 349, 350, and 360-1 of the New York Business Law, and all other claims arising under the common law of the State of New York; and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 for the claims under the common law of unfair competition.

22. This Court has personal jurisdiction over the Defendant because the Infringing Domain Name was designed to intercept private e-mails that were intended to be received by the Plaintiff in New York and this Judicial District, and resulting in foreseeable harm to the Plaintiff and the public in New York and this Judicial District.

23. Additionally, the Defendant has directed e-mails to the Plaintiff in this Judicial District. *See* Exhibit 3.

24. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims occurred in this Judicial District.

## THE PARTIES

### The Plaintiff

25. The Plaintiff Gioconda Law Group PLLC is a professional limited liability company duly organized under the laws of the State of New York, engaged in the authorized practice of law with a particular focus on brand protection and intellectual property.

26. The Gioconda Law Group PLLC was founded in December 2009 to provide high quality brand protection legal services to clients.

27. In particular, the Plaintiff has focused significant efforts in recent years in aggressively combating piracy and counterfeiting on the Internet by successfully representing numerous clients in this area of practice.

28. For example, in 2012 alone, the Plaintiff has represented several well-known Plaintiffs in significant litigations involving online counterfeiters before this Court and others.

29. The Service Mark "GIOCONDA LAW GROUP PLLC" has been used in interstate commerce in connection with brand protection and anti-counterfeiting legal services since at least December 21, 2009, and that Service Mark has been continuously and substantially exclusively used in interstate commerce since then.

30. The Plaintiff has invested resources in promoting the Gioconda Law Group Service Mark.

31. For example, the Plaintiff has engaged in a variety of marketing and promotional

activities, including creating and sending out periodic newsletters, issuing nationwide press releases which have been disseminated through major media outlets, sponsoring free Continuing Legal Education presentations in the United States and Canada, and hosting an Internet website located at www.GiocondaLaw.com.

32. Further, the Plaintiff has received unsolicited media coverage, including in the National Law Journal, on NBC Nightly News and in Crain's New York.

33. The Plaintiff's principal has also authored and co-authored books, articles and studies about brand protection in both legal and general periodicals in connection with the Service Mark GIOCONDA LAW GROUP PLLC.

34. The Plaintiff registered the Internet domain name GIOCONDALAW.COM on December 1, 2009 with third party Registrar of Record GoDaddy.com, Inc.

35. The www.GiocondaLaw.com Website has received substantial web traffic.

36. When a consumer uses the popular Google® Internet search engine to search for "Brand Protection Lawyer," the Plaintiff is the first search result reported.

37. When "Anti-Counterfeiting Lawyer" is searched in the Google® Internet search engine, the Plaintiff is also one of the top search results reported.

38. Consequently, the Service Mark "GIOCONDA LAW GROUP PLLC" has acquired distinctiveness in the marketplace for brand protection and anti-counterfeiting legal services.

39. Prior to the filing of this Complaint, the Plaintiff applied to the United States Patent and Trademark Office for federal registration of the Service Mark GIOCONDA LAW GROUP PLLC in International Class 45 for "[p]roviding information in the field of intellectual property."

40. With its application, the Plaintiff submitted the required fees and deposit to the United States Patent and Trademark Office.

41. This application matured into Reg. No. 4,130,021, a certified copy of which is enclosed as Exhibit 6.

42. The Gioconda Law Service Mark is currently registered on the Supplemental Register.

43. The Plaintiff has utilized e-mail addresses including a general information mailbox INFO@GIOCONDALAW.COM since it began doing business on or about December 20, 2009.

44. The Plaintiff's principal, attorney Joseph C. Gioconda, has utilized the e-mail address JOSEPH.GIOCONDA@GIOCONDALAW.COM since the Plaintiff began doing business on or about December 20, 2009.

45. The Plaintiff also owns multiple defensive domain name registrations, including GIACONDALAW.COM and GIOCANDALAW.COM, which are redirected to GIOCONDALAW.COM.

### **The Defendant**

46. On information and belief, DEFENDANT ARTHUR WESLEY KENZIE is an individual with a principal place of business at 568 Keefer Street, Vancouver, British Columbia, Canada V6A 1Y3.

47. The Plaintiff recently discovered that the Defendant registered the Infringing Domain Name from third-party Internet Registrar GoDaddy, Inc. on or about January 19, 2012. *See* Exhibit 3.

48. The Infringing Domain Name incorporates the relevant portion of the federally registered GIOCONDA LAW GROUP PLLC® service mark, but with a deliberate misspelling of the Plaintiff's name, *i.e.*, GIOCONDO, in close proximity to LAW, thus presenting consumers with the confusingly similar mark GIOCONDOLAW.COM.

49. The Defendant has utilized the services of third-party GoDaddy.com, LLC and GoDaddy's affiliate, Domains By Proxy LLC, to shield his identity from public disclosure, until he was informed of Plaintiff's complaint.

50. Until third party GoDaddy, acting in response to Plaintiff's demands, disabled the misdirection by the Infringing Domain Name, the Infringing Domain Name directed web traffic to the official GiocondaLaw.com Website.

51. Private e-mails misdirected to the address "INFO@GIOCONDOLAW.COM" have been and continue to be unlawfully intercepted by the Defendant.

52. Irreparable harm will occur because clients or prospective clients may still attempt to contact the Plaintiff's attorneys, investigators or staff using the General Mailbox e-mail address, and misspell the e-mail address as "INFO@GIOCONDOLAW.COM", which would then be unlawfully intercepted by the Defendant, rather than "bounced back" as undeliverable.

53. To test this possibility, the Plaintiff has utilized RPost® Registered E-mail® to send test e-mails to the addresses: INFO@GIOCONDOLAW.COM and JOSEPH.GIOCONDA@GIOCONDOLAW.COM.

54. RPost® Registered E-mail® services have been used daily by the U.S. Government since 2003 and have been endorsed and marketed by most of the influential bar associations in

the United States, including those of New York City, Chicago, Los Angeles, Atlanta and the District of Columbia.

55. The RPost® Registered E-mail® registered receipt demonstrates that both test e-mail have been received by active mailboxes capable of receiving such misdirected e-mail messages. *See* Exhibit 2.

56. The Defendant's sophisticated tactic has been used by identity thieves, and has been recently discovered as a disturbing new trend used in identity theft and cyber-espionage.

57. On information and belief, the Defendant has engaged in this course of conduct against the Gioconda Law Group PLLC, even though a recent UDRP Panel found this course of conduct to be in bad faith. *See* Exhibit 4.

## FIRST CLAIM FOR RELIEF

### Cybersquatting Under the Anticybersquatting Consumer Protection Act (ACPA)

### (15 U.S.C. § 1125(d)(1))

58. The Plaintiff hereby repeats each and every allegation set forth in paragraphs 1 to 57 above as if fully set forth herein.

59. 15 U.S.C. § 1125(d)(1)(A) provides that:

> A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person—
>
> (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and
>
> (ii) registers, traffics in, or uses a domain name that—
>
> > (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
> >
> > (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark…

60. The Infringing Domain Name that the Defendant has registered is virtually identical to, and/or confusingly similar to the Gioconda Law Service Mark, which was distinctive at the time that the Defendant registered the Infringing Domain Name.

61. The Defendant registered and is using the Infringing Domain Name with bad-faith intent to profit from the Gioconda Law Service Mark.

62. The Defendant's activities as alleged herein therefore violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

63. The Defendant has no *bona fide* noncommercial or fair use of the Gioconda Law Service Mark.

64. On information and belief, the Defendant intends to divert consumers away from the Plaintiff for unlawful commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the Infringing Domain Name, and related e-mail addresses.

65. The Defendant's acts have caused and will continue to cause irreparable injury to the Plaintiff and to the public.

66. The Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF

### Federal Trademark Infringement in Violation of Section 32 of the Lanham Act

### (15 U.S.C. § 1114)

67. The Plaintiff hereby repeats each and every allegation set forth in paragraphs 1 to 66 above as if fully set forth herein.

68. Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant:

> any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .

69. The Gioconda Law Service Mark is federally registered on the Supplemental Register.

70. The Gioconda Law Service Mark is distinctive and is associated in the mind of the public with the Plaintiff.

71. The Plaintiff has not authorized the Defendant's use of the Plaintiff's Service Mark.

72. The Defendant's unauthorized use of the Gioconda Law Service Mark constitutes the use of Plaintiff's registered marks in commerce.

73. The Defendant's unauthorized use of the Gioconda Law Service Mark is likely to cause confusion, mistake or deceive; cause the public to believe that the Infringing Domain Name emanates or originates from the Plaintiff when it does not, or that the Plaintiff has authorized, sponsored, approved or otherwise associated itself with the Defendant.

74. The Defendant's unauthorized use of the Gioconda Law Service Mark has resulted in the Defendant unfairly and illegally benefitting from the Plaintiff's goodwill.

75. This conduct has caused substantial and irreparable injury to the public, the Plaintiff, the Plaintiff's Service Mark, and the substantial goodwill represented thereby.

76. Accordingly, the Defendant has engaged in trademark infringement in violation of 15 U.S.C. § 1114.

77. The Defendant's acts have caused, and will continue to cause, irreparable injury to the Plaintiff.

78. The Plaintiff has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

### THIRD CLAIM FOR RELIEF

**False Designation of Origin
in Violation of Section 43(a) of the Lanham Act**

**(15 U.S.C. § 1125(a))**

79. The Plaintiff hereby repeats each and every allegation set forth in paragraphs 1 to 78 above as if fully set forth herein.

80. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) provides, in relevant part, that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—(1)(a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

81. By making unauthorized use, in interstate commerce, of the Plaintiff's Service Mark, the Defendant has used a "false designation of origin" that is likely to cause confusion, mistake or deception as to the affiliation or connection of the Defendant with Plaintiff and as to

13

the origin, sponsorship, association or approval of the Defendant's services and goods by Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

82. The Defendant's acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent the Defendant's services as those of Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

83. The Defendant's wrongful acts will continue unless and until enjoined by this Court.

84. The Defendant's acts have caused and will continue to cause irreparable injury to Plaintiff. The Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## FOURTH CLAIM FOR RELIEF

**Unlawful Interception and Disclosure of Electronic Communications**

**(18 U.S.C. § 2511)**

85. The Plaintiff hereby repeats each and every allegation set forth in paragraphs 1 to 84 above as if fully set forth herein.

86. 18 U.S.C. § 2511 provides, in relevant part, that:

(1) Except as otherwise specifically provided in this chapter any person who—
(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication; shall be subject to suit...

87. The Defendant intentionally intercepted and/or endeavored to intercept electronic communications intended for the Plaintiff.

88. The Defendant's wrongful acts will continue unless and until enjoined by this Court.

89. The Defendant's acts have caused and will continue to cause irreparable injury to Plaintiff. The Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## FIFTH CLAIM FOR RELIEF

**Deceptive Acts and Practices Unlawful In Violation of the New York General Business Law**

### (N.Y. Gen. Bus. Law §§ 349 and 350)

90. The Plaintiff hereby repeats each and every allegation set forth in paragraphs 1 to 89 above as if fully set forth herein.

91. New York General Business Law, Section 349 states, in relevant part, that: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

92. New York General Business Law, Section 350 states, in relevant part, that: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

93. Through its conduct, the Defendant has engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

94. The Defendant's deceptive acts or practices, as described herein, are materially misleading. Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom the Defendant has directed their activities, and the Plaintiff has been injured thereby.

95. By the acts described above, the Defendant has willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Section 349 and 350 of the New York General Business Law.

96. The Defendant's acts have caused, and will continue to cause, irreparable injury to the Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SIXTH CLAIM FOR RELIEF

### Trademark Infringement In Violation of New York State Common Law

97. The Plaintiff hereby repeats each and every allegation set forth in paragraphs 1 to 96 above as if fully set forth herein.

98. The Plaintiff owns all right, title and interest in and to the Gioconda Law Group Service Mark as described above, including all common law rights in the Gioconda Law Group Service Mark.

99. By the conduct described above, the Defendant has engaged in trademark infringement in violation of the common law of the State of New York.

100. The Defendant's acts have caused, and will continue to cause, irreparable injury to the Plaintiff. The Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SEVENTH CLAIM FOR RELIEF

### Unfair Competition In Violation of the New York Common Law

101. The Plaintiff hereby repeats each and every allegation set forth in paragraphs 1 to 100 above as if fully set forth herein.

102. The Defendant has palmed off itself as the Plaintiff, improperly trading upon the Plaintiff's goodwill and valuable rights in and to the Gioconda Law Group Service Marks.

103. The Defendant committed the above alleged acts willfully, and in conscious disregard of the Plaintiff's rights, and the Plaintiff is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of the Defendant.

104. By the acts described above, the Defendant has engaged in unfair competition in violation of the common law of the State of New York.

105. The Defendant's acts have caused and will continue to cause irreparable injury to the Plaintiff. The Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays:

1. For a **FINAL JUDGMENT** that:

    a. The Defendant has engaged in trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

    b. The Defendant has engaged in false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    c. The Defendant has engaged in cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d);

    d. The Defendant has unlawfully intercepted and disclosed electronic communications intended for the Plaintiff;

e. The Defendant has caused injury to the Plaintiff's business reputation in violation of Section 360-l of the New York General Business Law;

f. The Defendant has engaged in deceptive acts and practices unlawful in violation of Sections 349 and 350 of the New York General Business Law;

g. The Defendant has engaged in trademark infringement in violation of the common law of the State of New York;

h. The Defendant has engaged in unfair competition in violation of the common law of the State of New York; and

i. That the above acts were done willfully, and/or intentionally.

1. For entry of an **ORDER** permanently enjoining and restraining the Defendant, and his officers, agents, servants, employees and attorneys and all those in active concert or participation with him, from:

    a. Using any reproduction, counterfeit, copy or colorable imitation of the Plaintiff's Service Mark (as defined herein) for and in connection with any services not authorized by Plaintiff;

    b. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation;

    c. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which may or is likely to lead the trade or public, or individual members thereof, to believe that any services offered by the Defendant are in any manner associated or connected with Plaintiff, or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

   d. Engaging in any course of conduct that would intercept electronic communications intended for the Plaintiff;

   e. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

2. For an entry of an **ORDER** transferring or canceling at Plaintiff's election, the Infringing Domain Name to Plaintiff's control so it may no longer be used for illegal purposes.

3. For entry of an **ORDER** requiring the Defendant to disseminate corrective advertisements in a form approved by the Court to acknowledge their violations of the law hereunder, and to ameliorate the false and deceptive impressions produced by such violations.

4. For all such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any websites domain names or services offered by the Defendant are authorized by Plaintiff or related in any way to Plaintiff's services.

5. For an assessment of the **ACTUAL DAMAGES** suffered by the Plaintiff, trebled, and an award of all profits that Defendant has derived from using the Plaintiff Trademarks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

6. For an assessment of **PUNITIVE DAMAGES, of up to one million dollars ($1,000,000)** to deter the Defendant from further unlawful conduct;

7. For an assessment of **STATUTORY DAMAGES**, including **one hundred thousand dollars ($100,000.00)** for the maximum statutory damages for cybersquatting in bad faith, as authorized under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1);

8. For **REASONABLE ATTORNEYS' FEES**;

9. For **COSTS OF SUIT**, and for such other and further relief as the Court shall deem appropriate.

A TRIAL BY JURY IS DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby demands a jury trial on all triable issues raised by this Complaint.

June 20, 2012

Respectfully Submitted,

Joseph C. Gioconda (JG4716)
Jonathan A. Malki (JM4410)
Kristin Lia (KL7394)
THE GIOCONDA LAW GROUP PLLC
One Penn Plaza, 36th Floor
New York, NY 10119-0002
Telephone: (212) 786-7549
Facsimile: (888) 697-9665
Joseph.Gioconda@GiocondaLaw.com

Bell Plaza, Suite 607
42-40 Bell Boulevard
Bayside, NY 11361
Telephone: (718) 423-3610

*Attorneys for Plaintiff*
*GIOCONDA LAW GROUP PLLC*