```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GIOCONDA LAW GROUP PLLC, a New York    :
Professional Limited Liability Company,          :
                                                 :
                Plaintiff,                       :
                                                 :   MEMORANDUM AND ORDER
      -against-                                  :
                                                 :   12 Civ. 4919 (JPO)(KNF)
ARTHUR WESLEY KENZIE, an individual,             :
                                                 :
                Defendant.                       :
------------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

The plaintiff, Gioconda Law Group PLLC ("GLG"), commenced this action against Arthur Wesley Kenzie ("Kenzie"), who is proceeding pro se, asserting claims for "federal cybersquatting, trademark infringement, false designation of origin and unlawful interception and disclosure of electronic communications . . . and for related New York State law claims." Before the Court is Kenzie's motion, made pursuant to Rule 706 of the Federal Rules of Evidence, for the Court to: (a) appoint an "independent expert witness to assist in assessing the evidence with regards to (1) the Uniform Domain Name Dispute Resolution Policy ("UDRP"); (2) alleged violations of The Wiretap Act; (3) alleged violations of the Lanham Act; (4) alleged violations of the Anti-Cybersquatting Consumer Protection Act; (5) a trade-mark 'fair use' defense in the intersecting contexts of information/network/cyber security and cybersquatting; [and] (6) proposed extensions to the Electronic Communications Privacy Act"; and (b) "[apportion] all costs of such experts to the plaintiff." The plaintiff opposes the motion.

*GLG's Complaint/Kenzie's Answer*

According to the complaint, GLG is "a professional limited liability company duly organized under the laws of the State of New York, engaged in the authorized practice of law." GLG alleges, inter alia, that Kenzie "registered the Internet Domain Name GIOCONDOLAW.COM . . . to intentionally mimic the plaintiff's domain name GIOCONDALAW.COM." GLG maintains that Kenzie "engaged in an unlawful course of conduct to intentionally intercept electronic communications that were intended for the plaintiff by utilizing electronic devices, including computers connected to the internet," to enrich himself. In his answer to the complaint, Kenzie does not deny the underlying allegations made by GLG – that he

created a domain name that is substantially similar to GLG's domain name. Instead, he offers explanations and justification for his actions and disputes GLG's contentions regarding his intentions.

***Kenzie's Motion for Appointment of an Expert Witness(es)***

According to Kenzie, an expert witness(es) should be appointed by the Court because he

> faces an immensely challenging situation with this case, given the stature and resources of the plaintiff, as well as the wide range of claims, and enormous financial relief sought, while the Defendant has been unemployed since January 2008 and now is essentially unemployable in his trade as a direct result of this case [,] considering how it began and has unfolded. The Defendant lacks the financial resources to pay for expert witnesses that would provide clarity of the multiple complex issues in this case. Appointment by the court of neutral experts would be proper and just in these circumstances, in order to guard against the very real possibility of a one-sided abuse of justice.

To support his contention that the matters at issue in this action are complex and warrant the appointment of an expert(s), Kenzie contends, for example, that his "answer partially relies on a defense of trade-mark; fair use in the intersecting contexts of information/network/cyber security and cybersquatting that is substantially new and complex." Furthermore, Kenzie avers that the "various claims made by the Plaintiff, along with the defenses plead by the Defendant, are of such significance in today's Internet-enabled world of commerce, social interaction and national security that this Court must make every effort to include expert opinions in its deliberations, and in its jury's deliberations."

***GLG's Opposition***

According to GLG, "there is nothing particularly novel or complicated about the technical facts of this case"; thus, no need exists for the Court to appoint an expert witness(es). GLG contends that the Court should not consider Kenzie's claim of poverty, when evaluating this motion, because, despite Kenzie's assertion that he has been unemployed since January 2008, "the Defendant saw fit to invest over ten thousand dollars ($10,000.00) in the registration (and renewal) of over ***one thousand (1000) Internet domain names since 2007***, many of which clearly infringed upon and 'typosquatted' on the names of numerous established law firms, companies and banks, including that of the Plaintiff." (emphasis in original). Moreover, GLG asserts that it is not being compensated by a client to pursue the instant action, "but is litigating this case to protect its own valuable intellectual property, and to protect the public from

further harm, as the Defendant's conduct has been subject to a widespread public outcry." In addition, GLG maintains that "[t]he factual evidence already before the Court is clear: The Defendant is a recidivist cybersquatter who seeks to promote his own 'security services' for profit by registering many internet domain names intended to imitate the names of established businesses and law firms."

*Legal Standard*

> Federal Rule of Evidence 706(a) provides that
>
> [o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing. But the court may only appoint someone who consents to act.

"The determination to appoint an expert [witness] rests solely in the Court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the Court's need for a neutral, expert view." Eldridge v. Williams, 10 Civ. 0423, 2012 WL 1986589, at *1 (S.D.N.Y. June 1, 2012). "The most important factor in favor of appointing an expert [witness] is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." Id. (citation omitted). Appointing an expert witness under Rule 706 is intended to aid the trier-of-fact in its understanding and assessment of technical or scientific issues, not to further the "partisan interests of any party." Benitez v. Mailloux, 05-cv-1160, 2007 WL 836873, at *1 (N.D.N.Y. Mar. 15, 2007). Where no complex, highly technical litigation exists, appointing an expert witness, pursuant to Rule 706, should generally be denied. See Daker v. Wetherington, No. 01-CV-3257, 2006 WL 648765, at *5 (N.D. Ga. Mar. 15, 2006).

*Application of Legal Standard*

The matters to be determined in this action are, in essence, whether, as alleged by GLG, Kenzie violated federal and analogous state laws proscribing, inter alia, cybersquatting, trademark infringement and the interception and disclosure of electronic communications, when he created a domain name that is confusingly similar to its own in order to profit financially therefrom, at GLG's expense. Kenzie has not demonstrated how or why these matters are either "complex or esoteric" or are beyond the ability

of "the trier-of-fact . . . to adequately understand without [an] expert [witness's] assistance." Eldridge, 2012 WL 1986589, at *1. Instead, Kenzie has made conclusory assertions about the complexity of the federal and state laws that are germane to this action and urged that his lack of economic resources warrants the Court's appointing an expert witness(es). Kenzie's complexity assertions, without more, provide no basis upon which the Court can conclude that the matters in controversy are of such a complex or esoteric nature that appointing an expert witness(es), pursuant to Rule 706, is necessary. Furthermore, since appointing an expert witness(es) under Rule 706 is intended to aid the trier-of-fact in its understanding and assessment of technical or scientific issues, and is not a vehicle for furthering a litigant's partisan interests, Kenzie's inability to engage an expert witness(es) – owing to his lack of resources – is not a proper consideration for the Court in determining whether a Rule 706 expert witness(es) appointment ought to be made. See Benitez, 2007 WL 836873, at *1.

## CONCLUSION

For the foregoing reasons, the defendant's motion for the Court to appoint an expert witness(es), pursuant to Rule 706 of the Federal Rules of Evidence, Docket Entry No. 40, is denied.

Dated: New York, New York
May 31, 2013

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Arthur Wesley Kenzie